(December 22, 1995)

■ In the Matter of LAKIYA S. ONYA S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Matter No. 1.) In the Matter of LANASIA S. ONYA S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Matter No. 2.) In the Matter of LAMARR S. ONYA S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Matter No. 3.) In the Matter

of LOCKETT S. ONYA S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Matter No. 4.) [636 NYS2d 65] —In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (Lubow, J.), dated December 22, 1994, which, after a hearing, reduced her visitation with her four children from once a week to once a month, and (2) four orders of the same court (one as to each child), all dated January 12, 1995, which extended the placement of each child in foster care for one year, ending January 31, 1996.

Ordered that the orders are reversed, on the law, without costs or disbursements, and the matters are remitted to the Family Court, Queens County, for a hearing before another Judge, to be commenced no later than January 3, 1996, and for new determinations on the petitions by that Judge.

At the hearing on the agency's application to reduce the mother's visitation with her children from once a week to once a month, the uncertified "psychotherapy summar[ies]" of a social worker were improperly admitted in evidence, over the mother's objection (see, Family Ct Act § 1046 [a] [iv]). In those summaries, the social worker noted that the children had been exposed to emotional trauma, which was attributed to the mother. However, the Commissioner notes that one or more of the children were sexually abused while in foster care, and the children were being treated in the agency's sexual abuse unit. The social worker never mentioned the sexual abuse, and, since he was never called as a witness, we cannot ascertain whether he was even aware of the sexual abuse. Therefore, it cannot be said that the children's mental condition was properly attributed to the mother.

In its decision granting the agency's application to reduce visitation to once a month, the Family Court exhibited hostility toward the mother by charging her with "crying crocodile tears" over her children's sexual abuse. Further, the Family Court relied upon the mother's failure to secure psychotherapy. When the mother noted that her medical plan "doesn't cover it", the Family Court retorted: "That is not my problem".

Thereafter, on January 12, 1995, the Family Court informed the mother, whose attorney was not present, that "I am not giving you an opportunity to be heard today". The Family Court then extended placement of the children with the Commissioner for one year based upon the testimony adduced at the hearing on visitation. The Commissioner concedes that "it was error for the Family Court to, in effect, convert the

modification of visitation hearing * * * into an extension of placement hearing without notice to [the] appellant and her counsel".

Accordingly, the orders appealed from are reversed, and the matter is remitted to the Family Court for a prompt hearing and new determinations before a different Judge. Our determination on these appeals is not to be construed as an expression of opinion on the merits of the questions of visitation or the extension of placement. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.